**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Gary Lockett, #87047-020,** | ) | Case No. 2:16-cv-2439-JFA-MGB |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Warden, F.C.I.-Estill,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Gary Lockett ("Petitioner") is a federal prisoner at the Federal Correctional Institution ("F.C.I.-Estill") in Estill, South Carolina. He has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1). He is proceeding *pro se* and has paid the filing fee (see DE# 5, receipt number SCX200013666). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review the petition and submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed,** without prejudice, and without requiring the respondent to file a return, for the following reasons:

**I. Background**

On May 11, 2011, a federal Grand Jury for the Middle District of Georgia returned a four-count Indictment against Petitioner for (1) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (4) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). In March of 2012, Petitioner entered into a plea agreement and pleaded guilty to Counts 1 and 4 of the Indictment. In

exchange, the United States moved to dismiss Counts 2 and 3. The United States District Court for the Middle District of Georgia sentenced Petitioner to 202 months' imprisonment on Count 1, and 60 months on Count 4, to be served consecutively, for a total sentence of 262 months.

Although Petitioner waived his right to appeal under certain circumstances, he expressly reserved the right to appeal the denial of his motion to suppress. Petitioner appealed such issue, and the Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Lockett*, 2011 WL 5983309 (M.D.Ga. Nov. 30, 2011), *affirmed by* 533 F.App'x 957 (11th Cir. Aug. 28, 2013) (affirming conviction because "neither the warrantless entry nor the subsequent search pursuant to the Search Warrant violated the Fourth Amendment's proscription against unreasonable searches and seizures"). Petitioner indicates he also filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which the District Court denied on February 2, 2016. (DE# 1, ¶ 12).

Petitioner, while incarcerated at FCI-Estill in South Carolina, filed the present petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. (DE# 1). Petitioner indicates he is challenging "the validity of [his] conviction or sentence as imposed." (*Id*., ¶ 5). He cites the United States Supreme Court's decision in *Johnson v. United States*, 135 U.S. 2551 (2015)[1] and argues that, absent the career offender enhancement under the sentencing guidelines, the applicable sentencing range would have been 70-87 months. (DE# 1-1 at 16-17).[2]

---

[1] The decision in *Johnson* concerned the residual clause of the Armed Career Criminal Act ("ACCA"). Prior to August 1, 2016, USSG § 4B1.2 included a "residual clause" similar to the ACCA's residual clause, 18 USC § 924(e)(2)(B). The United States Supreme Court has granted certiorari in a case from the Eleventh Circuit concerning whether *Johnson* applies to the sentencing guidelines. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). The Eleventh Circuit had declined to apply *Johnson* to the Sentencing Guidelines. *See United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015). Such case is still pending.

[2] Petitioner indicates he signed the §2241 petition and placed it in the prison mailing system on June 21, 2016, which would be timely for purposes of *Johnson*. *See Welch v. United States*, 136 S.Ct. 1257, 1265 (2016); *Dodd v. United States*, 545 U.S. 353 (2005).

In his §2241 petition, Petitioner indicated that he had not previously filed a § 2255 motion to vacate (DE# 1, ¶ 10(a)), and research on Westlaw did not reveal a decision regarding any motion to vacate such conviction. Hence, although labeled under § 2241, the present petition appeared to be a first § 2255 motion (i.e. not successive) that was attempting to challenge his conviction. Therefore, this Court issued an Order on September 7, 2016, specifically informing Petitioner that "[b]ecause Petitioner is seeking to have his sentence vacated, set aside or corrected, the Court hereby notifies Petitioner of its intent to recharacterize the motion as one under 28 U.S.C. § 2255" pursuant to *Castro v. United States*, 124 S.Ct. 78 (2003). (DE# 7). The Order indicated the Court's intent to recharacterize the petition as a § 2255 motion and transfer it to the sentencing court.

On October 4, 2016, Petitioner responded to the Court's Order of September 7, 2016. (DE# 9). Petitioner presented additional arguments under the decision in *Mathis v. United States*, 136 S.Ct. 2243 (June 23, 2016), where the United States Supreme Court considered an Iowa burglary statute, holding that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." *Id*. at 2251. Significantly, Petitioner also informed the Court that he **had previously filed a §2255 motion in the sentencing court** on or about June 15, 2015. Petitioner indicated that such §2255 motion **is still pending** in the United States District Court for the Middle District of Georgia. (DE# 9 at 1). Despite this, Petitioner urged that this Court should still consider the merits of his § 2241 petition.

## II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).[3]

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III. Discussion

Although Petitioner has labeled his present petition as one brought pursuant to § 2241, review of the petition reflects that the Petitioner is attempting to bring a duplicate motion to vacate under § 2255. As already discussed, Petitioner has filed a § 2255 motion that is admittedly still pending in the federal sentencing court. The present petition attempts to challenge his sentence. "It is well established that defendants convicted in federal court are obliged to seek habeas relief

---

[3] The Rules Governing Section 2254 Cases in the United States District Courts may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a petition filed under § 2241 is used to challenge the manner in which a sentence is executed. *Vial*, 115 F.3d at 1194 n.5. A prisoner cannot challenge his conviction and sentence under § 2241 unless he can satisfy the narrow exception of the § 2255 "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention' "), *cert. denied*, 135 S.Ct. 990 (2015). Here, by the Petitioner's own admission, the sentencing court has not yet decided his pending § 2255 motion to vacate. Therefore, Petitioner cannot argue that the sentencing court has "denied" him relief or that the remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. His § 2255 motion simply has not been decided yet. Petitioner's impatience provides no basis to proceed with the present petition under § 2241. Petitioner may not file duplicate motions in different courts in an attempt to obtain a favorable ruling.

To show that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, a petitioner must establish the following criteria:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34; *Vial*, 115 F.3d at 1194 n. 5. According to Petitioner, his first § 2255 motion is still pending in the sentencing court. Therefore, he cannot show that the substantive law changed after his "direct appeal and first § 2255 motion" were decided. Given that Petitioner's first § 2255 motion is still pending, the remedy under § 2255 is not "inadequate or ineffective."

After the sentencing court decides the Petitioner's first §2255 motion, Petitioner "must first obtain authorization from the appropriate court of appeals" before filing a successive § 2255 petition in the future. 28 U.S.C. § 2244(b)(3); *and see United States v. Winestock*, 340 F.3d 200, 205 (4th Cir.), *cert. denied*, 540 U.S. 995 (2003). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Id*. "If a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the unauthorized habeas motion . . . for lack of jurisdiction." *Rice*, 617 F.3d at 807. This Court lacks jurisdiction to reach the merits of this duplicate motion. This Petition should be dismissed.

**IV. Certificate of Appealability ("COA")**

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a COA when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right,

and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).

Petitioner acknowledges that his first § 2255 motion is still pending in the sentencing court. The present petition is a duplicate petition that also attempts to challenge the Petitioner's conviction and sentence. In light of the record, the undersigned recommends that jurists of reason would not find this procedural ruling debatable. Moreover, Petitioner cannot bring a petition under § 2241 via the savings clause merely because he has not yet obtained relief under § 2255. Petitioner has not shown a proper basis to proceed under the savings clause. The undersigned recommends that jurists of reason would not find this procedural ruling debatable. This Petition does not meet the criteria for issuance of a COA.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; a certificate of appealability should not be issued.

					_____
					MARY GORDON BAKER
November 14, 2016			UNITED STATES MAGISTRATE JUDGE
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).