IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Lockett, #87047-020,<br><br>    Petitioner,<br><br>v.<br><br>Warden, F.C.I.-Estill,<br><br>    Respondent. | C/A No. 2:16-2439-JFA-MGB<br><br><br>**ORDER** |

On or about June 21, 2016, Gary Lockett ("Petitioner") filed this action pursuant to 28 U.S.C. § 2241 against Respondent. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. On November 15, 2016, service of process was authorized; however, Respondent was directed not to answer because the petition was subject to summary dismissal. ECF No. 10.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should summarily dismiss Petitioner's petition without prejudice, and without requiring Respondent to file a return. ECF No. 11. The Report sets forth in detail the relevant facts[2] and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner was advised of his right to object to the Report, which was entered on the docket on November 15, 2016. ECF Nos. 11–12.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] The facts provided in the background portion of the Report have been confirmed via Pacer. In addition, this Court verified Petitioner's initial petition is still pending via Pacer.

The Magistrate Judge gave the parties until December 2, 2016, to file objections; however, no objections were filed. Thus, this matter is ripe for the Court's review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.[3] Accordingly, the Court adopts the Report and Recommendation (ECF No. 11) and summarily dismisses Petitioner's case without prejudice, and without requiring Respondent to file a return.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED.**

February 13, 2017                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[3] The Court corrects inadvertent typographical errors on the third page of the Report to reflect the proper citation for *Castro v. United States* as 124 S. Ct. 786 (2003) and on the fifth page of the Report to provide the full citation for the second block quote as *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).